**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JOSE PINEDA GONZALEZ,

Petitioner,

v.

TODD BLANCHE, *et al*.,

Respondents.

Case No. 2:26-cv-02775-RFB-BNW

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Jose Pineda Gonzalez's Petition for Writ of Habeas Corpus (ECF No. 1-1). Petitioner challenges the lawfulness of his ongoing detention at Nevada Southern Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). Specifically, Petitioner argues his detention is unlawful under (i.) Jacobo-Ramirez v. Mullin, 834 F. Supp. 3d 1073 (D. Nev. 2026); (ii.) the Immigration and Nationality Act; and (iii.) the Due Process Clause of the Fifth Amendment. For the following reasons, the Court grants the Petition, awards Petitioner a writ of habeas corpus, and orders Respondents to immediately release him from ICE custody.

## I. FINDINGS OF FACT

From the outset, the Court finds that Petitioner is a member of the Jacobo-Ramirez Class. This certified class includes the following people:

> All noncitizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District of Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States.

Jacobo-Ramirez, 834 F. Supp. 3d at 1089. Based on the Parties' undisputed factual allegations, and the evidence they supply, the Court finds that Petitioner satisfies these criteria. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950) (describing the factfinding process in habeas corpus proceedings). Petitioner has set forth sufficient facts indicating Class membership. See Pet'r's Traverse at 4–5, ECF No. 8 (September 9, 2026) [hereinafter, "Traverse"]. Further, Federal Respondents concede that the only lawful basis for Petitioner's detention is 8 U.S.C. § 1226(a). See Fed. Resp'ts' Notice Regarding Class Membership at 2, ECF No. 5 (September 4, 2026) [hereinafter, "Return"].[1] In sum, Petitioner is a Jacobo-Ramirez Class Member, and he is entitled to the relief afforded to the Class by this Court.

In addition, the Court finds Federal Respondents did not perform an initial custody determination as to Petitioner at the outset of his detention. Petitioner was taken into ICE custody on July 4, 2026, over two months ago. See Traverse at 1. This Court instructed Federal Respondents to produce specific records as to Petitioner, including a Form I-286. Order Governing Procedures at 3–4, ECF No. 3 (September 1, 2026). On September 4, 2026, Respondents produced a Form I-286 dated September 2, 2026—months after Petitioner's detention, and a day after this Court's Order. See Notice of Custody Determination, ECF No. 5-1 at 8 (September 4, 2026) ("Date and Time of Custody Determination" listed as 09/02/2026). Thus, the Court finds that Federal Respondents did not perform an initial custody determination at the outset of Petitioner's detention—*i.e.*, on July 4, 2026.

## II. CONCLUSIONS OF LAW

First, 8 U.S.C. § 1226(e) does not deprive the Court of jurisdiction over this matter. As this Court explained in Maldonado Vazquez v. Feeley, 805 F. Supp. 3d 1112, 1133 (D. Nev. 2025), which is incorporated by reference in full herein, the Court is not ruling on a discretionary decision by an Immigration Judge. Rather, the Court finds Petitioner's detention to be void *ab initio*, as Petitioner was detained without the procedures mandated by 8 U.S.C. § 1226(a) and its

---

[1] Notably, the Jacobo-Ramirez class definition pertains to statutory detention authority, not whether an individual has or has not received a custody redetermination hearing. Thus, the Court declines to credit Respondents' conclusory assertion that Petitioner "is not a Class Member, because he had a bond hearing[.]" Return at 1.

implementing regulations, in other words, the statutory framework of § 1226(a). Accordingly, Petitioner's challenge to "the extent of the Government's detention authority under the 'statutory framework' as a whole" does not implicate § 1226(e). Jennings v. Rodriguez, 583 U.S. 281, 295 (2018). The Court thus concludes 8 U.S.C. § 1226(e) does not bar consideration of the Petition.

Next, as a member of the Jacobo-Ramirez Class, Petitioner is entitled to the relief afforded to the Class by this Court. In its March 2026 Order, this Court declared that class members "are not subject to detention under § 1225(b)(2)(A)"; instead, "they are subject to detention under 8 U.S.C. § 1226(a) and its implementing regulations," which supply a suite of procedural protections. See Jacobo-Ramirez, 834 F. Supp. 3d at 1123. Moreover, Federal Respondents (and this Court) are obligated to abide the Ninth Circuit's binding judgment in Rodriguez Vazquez v. Bostock, which explicitly rejected the government's interpretation of § 1225(b)(2)(A) and held that noncitizens like Petitioner fall within the detention regime set out in § 1226, not § 1225(b)(2)(A). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) ("[W]e conclude that [noncitizens] present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). Federal Respondents concede the only lawful basis for detaining Petitioner is § 1226(a), see generally Return, yet have not conducted a proper initial custody determination for Petitioner, as required by § 1226(a) and its implementing regulations. Thus, Petitioner's arrest and ongoing detention without the full suite of procedural protections guaranteed by § 1226(a) are unlawful under the Immigration and Nationality Act ("INA"), this Court's declaratory judgment/vacatur, and the law of this circuit.

For reasons articulated in Rios-Rodriguez v. Blanche et al., Case No. 2:26-CV-02117-RFB-MDC, 2026 WL 2280924 (D. Nev. Aug. 7, 2026), which are incorporated by reference herein, the Court finds that Petitioner must be released from government custody. The government's failure to perform an initial custody determination as to Petitioner at the outset of his detention runs afoul of § 1226(a) and its implementing regulations, as well as this Court's declaratory judgment. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196–97 (9th Cir.

2022); Jacobo-Ramirez, 834 F. Supp. 3d at 1150; Rios-Rodriguez, 2026 WL 2280924 at *2–3.

The Court further finds Petitioner is entitled to the procedures afforded under § 1226(a) not merely by statute and regulation, but by the Due Process Clause of the Fifth Amendment. For the reasons articulated in this Court's order in Rios-Rodriguez, which the Court incorporates by reference as if fully set forth herein, the Court finds Petitioner's detention without the procedures required by § 1226(a) and its implementing regulations violates Petitioner's substantive and procedural due process rights. See Rios-Rodriguez, 2026 WL 2280924 at *3–9.

Therefore, the Court finds Petitioner's detention has been unlawful under both the INA and the Due Process Clause from the moment it began, and immediate release—"the typical remedy" for "unlawful executive detention"—is appropriate here.[2] See Munaf v. Geren, 553 U.S. 674, 693 (2008). Additionally, the Court finds that it must adopt equitable remedies to ensure that Federal Respondents abide by due process moving forward. Cf. U.S. v. Handa, 122 F.3d 690, 691 (9th Cir. 1997) (describing the broad, flexible power federal courts possess to fashion equitable relief in the context of habeas corpus proceedings). Here, the Court finds it appropriate to require that, in the event DHS seeks to (re)detain Petitioner under § 1226(a), Federal Respondents must provide him with *a pre-deprivation* bond hearing wherein the government must prove, by clear and convincing evidence, that detention is appropriate. See Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024) (citation omitted) (reviewing EOIR's compliance with a district court's conditional writ, which ordered EOIR to conduct a bond hearing—as a matter of due process—where the government was required to "show by clear and convincing evidence that the detainee presents a flight risk or a danger to the community."); Gonzalez-Juarez v. Bondi, 137 F.4th 996, 1003 (9th Cir. 2025) (describing Martinez). While the Court does not take this step lightly, it finds it is necessary because of Federal Respondents' egregious violations of the law and Petitioner's rights to date.

[2] Moreover, the Court finds that, to the extent Respondents have afforded Petitioner *some* procedures associated with § 1226, it is clear from the record that Respondents have admittedly not complied with the regulations in full, as required by the statute, its implementing regulations, and this Court's declaratory judgment. See Jacobo-Ramirez, 834 F. Supp. 3d at 1120; see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1201–1202 (9th Cir. 2022). In addition, immediate release is particularly appropriate given Respondents' lengthy history of non-compliance and defiance in similar cases. See Rios-Rodriguez, 2026 WL 2280924 at *9–12.

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1-1) is **GRANTED**.

**IT IS FURTHER ORDERED** Respondents must **RELEASE** Petitioner from detention on his personal recognizance on **September 24, 2026** between the hours of **12:00 P.M. and 3:00 P.M.** Counsel for Petitioner (or their designee/agent) will be permitted to wait in the Federal Justice Tower lobby during the release window and to make arrangements for Petitioner's departure from the facility.

**IT IS FURTHER ORDERED** Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing. If Federal Respondents impose release conditions in violation of this Order, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** Respondents must return Petitioner's personal property, including any personal identification and employment authorization documents, **UPON HIS RELEASE**. If Federal Respondents fail to do so, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** Respondents may not re-detain Petitioner during the pendency of his current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under the INA and its implementing regulations. To the extent the government seeks to detain Petitioner under 8 U.S.C. § 1226(a), it bears the burden of establishing that detention is appropriate by clear and convincing evidence.

**IT IS FURTHER ORDERED** the Parties must file a **JOINT STATUS REPORT** by **September 25, 2026** confirming Respondents' compliance with this Order,

including: (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

**DATED:** September 23, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**